**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 27, 2011

Lyle W. Cayce
Clerk

No. 10-10679
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADOLFO DIAZ-CORRALES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-9-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Adolfo Diaz-Corrales appeals the 120-month sentence imposed following her guilty plea to illegal reentry after deportation. As Diaz-Corrales does not challenge the procedural correctness of his sentence, we will proceed to an examination of its substantive reasonableness. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Because he objected to the reasonableness of his sentence, we will apply the abuse of discretion standard. *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10679

Although the district court at times used the term "departure" at the sentencing hearing, the court's comments, viewed as a whole, and its written Statement of Reasons, clearly reflect that it was imposing a sentence which represented a variance under 18 U.S.C. § 3553(a) rather than an upward departure. Where the district court has imposed a sentence that varies from the guidelines range, reasonableness review requires this court to evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth at § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). A sentence outside the Guidelines is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.*

The district court determined that a variance was justified by Diaz-Corrales's uncounted criminal convictions and his continued illegal activities. The court also specifically cited several of the § 3553(a) factors which it considered relevant. The district court thus made an "individualized assessment based on the facts presented" and concluded that the advisory guidelines range gave insufficient weight to some of the sentencing factors. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Because the court cited fact-specific reasons for imposing a non-guideline sentence and its reasons adequately reflected consideration of the § 3553(a) factors, the sentence was reasonable and will not be disturbed. *See Brantley*, 537 F.3d at 349-50.

AFFIRMED.